May it please the court, those involved in the administration of justice, whether judges, arbitrators, or mediators, not only have to be impartial, they must appear to be impartial to the public and be perceived that way if our system of justice is to be fair and just. My name is Dean Dickey, and together with Ryan Williams, we represent Seats, Inc., and are before the court today asking it, to reverse the district court, vacate the judgment that was entered previously, and to remand the case for trial. This case, your honors, presents the court with the interesting opportunity to protect the integrity of judicial proceedings and to avoid ratification of a principle of law announced by the district court, which is contrary to the plain language of disclosure rules and is contrary to the factual findings after a full evidentiary hearing made by the Texas Court of Appeals regarding the relationship between Judge Faulkner and the law firm of Fish and Richardson. Let me just, I guess, take you to where hopefully you're going. Is there any disagreement that under the Fifth Circuit standard, at least under 60 v. 3, it needs to be established that the consequences of this conduct means that the case could not have fully and fairly been represented? And if so, how do you meet that test? Well, that's the 60 v. 3 test, your honor, and I don't disagree with that, but I think that what I'd like to, with the court's permission, I would spend the time this morning in the limited time talking about 60 v. 6, which provides expressly that judgment can be vacated for any reason that justice requires or justifies relief. Now, so on that focus, your focus is that it is Judge Faulkner who should have disclosed the relationship with Fish. In our opinion, no question that Judge Faulkner should have done so. We think also that the law firm should as well, but for purposes of the limited time this morning, we don't need to go to the 60 v. 3 analysis. I'd like to spend the time on the 60 v. 6 analysis because clearly the relationship as— Well, I guess I appreciate that you get to make some decisions here, but not all of them, and so I guess I would like to try—I don't want to hold you up from dealing with 60 v. 6, but on 60 v. 3, therefore, do you concede that the requirements of 60 v. 3 are not met here by the facts of the case? No, your honor, I don't concede that. What I would suggest to the court is that there was sufficient circumstantial evidence with respect to what took place at the mediation where our client and its lawyers at the time provided a whole series of confidential information regarding the case, the affirmative defenses of obviousness, at a time when a mediation was conducted shortly before the trial commenced, and that based on that information shortly thereafter and at trial, arguments that had never been made surfaced and became part of the trial. But you and I both know, as we all do, what the district court had to say about that in that footnote, in its opinion, and it talks about plaintiff claims that it does not accuse Faulkner of sharing confidential information, and then the court went on to say, essentially, nor could it. So now you're changing your position and you're saying that we should rest on the basis that there was sharing of confidential information? No, your honor. What I'm saying is that confidential information was provided and that that footnote really, I think, distorts the position that was taken, which was information was provided, but we can't make an accusation here as a matter of fact under Rule 11 because we don't have any discovery. We don't have the ability to go behind. But what was alleged is that confidential information was provided. And if you think about it with respect to the mediator, there is no opportunity, and we were not given the opportunity for a hearing, unlike in the Texas case where the Texas judge held days of hearings and took evidence on the relationship. All we know is what happened and what evidence came at a time when discovery was closed, trial was set, and things that had never been argued before and defects that had been addressed with the mediator appeared to be addressed during the trial. Did you ask the trial court for the opportunity to depose Judge Faulkner? That was not asked given the time frame because I think there is no time in the schedule. I don't know whether the judge would have done it, but the answer to your question, Judge O'Malley, is that that was not made by trial counsel at the time. Because while mediation is certainly confidential, any information shared with the mediator is confidential, but the mediator wouldn't be protected from an inquiry as to whether the mediator, his or herself, improperly shared information. I'm not sure that that is so, Your Honor, that the mediator could actually be deposed about his conversations without more, without some concrete evidence. We all signed at mediation confidentiality agreements. Nothing that's discussed can go outside of the mediation. You cannot ask questions about what the mediator's confidence was with the other side, which is why the disclosure rules are so important here. And I can't answer, Judge Shaprost, your question beyond that because there is no evidence in the 60B3 standard. It purely requires the move-in to have to be able to show and demonstrate some impact on their ability to have a full and fair trial, and we do not, we're not given that opportunity, nor was there time. That's why I think that this case, however, can turn on 60B6. Okay, so with respect to this back end of the analysis, I mean, I understand you're really trying to fit more within the Supreme Court's decision in Liljeburg, right? Is that where you think you are? Well, I think that that's a decision, although that case specifically involved the conduct of judges. And what I want to, I think that the reason that cries out here is the evidentiary finding by the Texas court. There is no such evidentiary finding by the district court here. There are some conclusions made by the district judge with no record whatsoever, and a total ignorance or ignoring of the Texas factual findings. But the disclosure rules for mediators mandate disclosure. In fact, the- But I'm trying to get past that. So assume that you're right on that. Assume we agree with you, that the mediator should have disclosed this, and that there's enough facts to show that the relationship should have been disclosed. Even if that's the case, because the Supreme Court decision turned on a judge's violation of a statute, it's arguably, there's arguably a distinction there from that to this case. What is it, I mean, you say that perhaps they learned about their best defense of their obviousness defense from the mediator through you, right? That's your argument? I think that that is something that, to an objective observer, could conceivably be what the conclusion would be. Are you saying that even though you conceived of the possibility of that defense, that you weren't prepared to respond to it when you got to trial? I don't know whether anybody was truly prepared to respond to that issue, but the whole process, if you look at the timeline of what took place, there wasn't one mediation session. There were a number of mediation sessions, and this mediator was brought into the case by the court. And throughout the trial, the mediator was involved by the court. So throughout the course of the proceedings that took place, there were discussions and interactions between the mediator, counsel, and the parties. All we know is that after a point in time, we learned on May 24, 2012, I believe is the date, yes. May 24, 2012, we learned of the problem. At that point in time, the trial had begun. I'm really having a problem with, and it's probably because I'm not hearing the answer. If your case rests on this sharing of information or less sharing of information, what we have is the court saying that you're claiming you didn't accuse them of that. The court notes that nothing in the record suggests that the information was shared, and you acknowledge to Judge O'Malley that you didn't mean to dispose the judge. So now is it correct that you're resting your case on this alleged sharing of information? No, that is not correct. We are resting our case on the fact that there was information that should have been disclosed by the mediator at the time the court appointed the mediator and obtained confidential information in that mediation process. At that point, it is our position that the proceedings became tainted without the disclosure. The whole point of the disclosure is to give a party the opportunity to say, no, we don't want you. So what you look at, for purposes of this... So I understand. So your point is it doesn't matter whether there was confidential information shared, that in the interest of protecting the perception of our justice system and protecting the ability to use mediators going forward, it should just be the end of the inquiry. If the mediator doesn't disclose, the trial should be set aside? Yes, that is the position under 60B6. We think that is a situation, given the facts and given what was disclosed... The 60B6, it can't be your position that you're just saying a nondisclosure automatically meets the test of 60B6. You must be relying on something that was going on in this case and the consequences, right? Well, I think that based upon what we have alleged in the information that was shared, we believe that the relationship that was not disclosed was sufficiently broad and partial that that had an impact on the proceedings going forward. Now, I can't, Your Honors, tell you exactly what was disclosed because that would require me to have some evidence about it. So I have to look at the purpose of disclosure, the purpose of the disclosure rules, and the role of the mediator. And why the mediator? Because we don't have a record as to what was disclosed and not. It is very difficult without some evidentiary record to be able to expand beyond those circumstances. It would be very difficult to make an allegation. So you're saying you don't have to prove prejudice? I do not have to prove that, in fact, it was shared. What I have to prove, and I believe the record is unchallenged, because that has already been established by the Texas court, which the district judge ignores in his opinion. Well, the standard, at least the first factor in 6db6, is of a risk of injustice. I mean, is that to be based on attorney argument? I mean, you didn't make an effort, did you, to put on any factual record, any witnesses with regard to whether or not you meet the 6db6 test? I don't see in Rule 6db6 or in 6db at all that those things that Your Honor just raised had to be made. I didn't try the case, but I know... Ultimately what happens here is claims are held anticipated by prior art. What's unjust about saying claims that are anticipated by prior art are invalid? In and of itself, nothing. But the fact of the matter is, if you get to that result through a judicial process that's tainted, then very much like a Fourth Amendment issue of the fruit of the poisonous tree, you have evidence you shouldn't have gotten that may have resulted in a conviction. However, the process and the appearance of impartiality to the public is what is significant here. Would you like to keep some of your rebuttal time? If I've exhausted my 12, I'll save three minutes is what I'll do. Oh, you've already gone into that. Do I have any time left, Your Honor? Yes, you do. How much? About a minute and a half. Then I will save that, Your Honor. Thank you very much, Mr. Dickey. Mr. Lemley? May it please the Court, Your Honor. Mark Lemley on behalf of the defendants. The argument on which Learned Counsel seems to rest here was described by the district court below as, quote, an egregious allegation that is completely unsupported by any facts before the court. And when you listen to Learned Counsel, I think you understand that that is true. Here are things I heard him say. We can't make an accusation consistent with Rule 11 that Judge Faulkner, in fact, disclosed confidential information. But do they even need to do that? I mean, if, in fact, the mediator should have disclosed this information, why isn't that the end of the inquiry? So let me bracket the question. I think there's no question the mediator had nothing they should have disclosed. But assuming that that were true, under 60B-6, which Learned Counsel wants to focus on, they most certainly do have to disclose something. Perception of impropriety with no effect in the world is not the test under Rule 60B-6. Leave aside the fact that this is a new argument. It's not present in the briefs. It's an incorrect argument. So the Fifth Circuit, in the Bolin case, says that 60B-6 requires that, quote, proof that, quote, the initial judgments have been manifestly unjust. That is not a perception in the absence of evidence. What about the Supreme Court's decision in Liljeburg? I mean, they didn't seem to require showing a prejudice. They assumed prejudice because of the inherent problem with the justice system or faith and trust in the justice system. Liljeburg, Your Honor, suggested that it might, under certain circumstances, be possible to infer harm from the justice system. And then they walked through three factors to consider in deciding whether or not that's true. The actual risk of injustice in this particular case, the risk of injustice in other cases, and the perception of the justice system. Now, I suggest that under the facts of this case, there is no risk to any of those factors. It is, I think, manifestly clear that there was no injustice in this case. What happened was precisely that. Plaintiffs got a full and fair opportunity to present their case, and they lost. And they lost before the jury, they lost before the district court, and they lost before this court. And what they are asking for, which is to reopen a judgment on a patent finally invalidated, I think it would be injustice, certainly not the prevention of injustice. But it is also worth noting, to go back to the original factual point, that there was no wrongdoing by Judge Faulkner. Judge Faulkner, the district court specifically found, as a matter of fact, that Judge Faulkner did not violate a disclosure obligation. The only lawyer who had a relationship with Judge Faulkner, Brett Johnson, was never involved in this case at all. You argue that this shouldn't be, that the relationship with Johnson, which, as you go through the state court decisions, is very substantial and covers the same period of time. And then also, you've got the time frame between the remand and the second appeal, where this case is filed and these mediations start, when he knows that his relationship with Johnson and Fish is under scrutiny, and he's not disclosing it. So there are actually a lot of facts that would indicate that disclosure was necessary. There are facts, Your Honor, that would suggest that if he were in a case involving Brett Johnson, he should disclose it. But there's no reason to believe that that would be imputed to the entire Fish law firm. Plaintiff does not make the allegation that it should be imputed to the entire Fish law firm. And, in fact, they say the opposite. In the record at A1106, they say that they, quote, never argued that relief from judgment is required simply because of the undisclosed personal relationship between Judge Faulkner and Brett Johnson. Their argument instead is to try to tie the Fish attorneys who were involved in the case somehow to Judge Faulkner. That argument clearly fails as a matter of fact. But doesn't the state court say that this goes to the firm as a whole because it was a broad relationship that included him being hired regularly by the Fish lawyers by doing a presentation to the Fish law firm? I mean, the state court specifically referred to the firm as a whole, not just to Mr. Johnson. Your Honor, I don't believe that to be correct. The ultimate conclusion in the case, which was decided in the Court of Appeals just a month or two ago, was that this did not require reopening for liability, although that was on grounds unrelated to this disclosure issue. But this court was never asked to and did never conclude that the relationship with Brett Johnson should be imputed to the rest of the Fish law firm. But your argument, and you say this in your brief, your defense is that Fish did not defend Judge Faulkner in any meaningful way. Well, of course it did. I mean, essentially in the Texas action, Fish and Richardson was defending an arbitration award for its client in which the impartiality of Judge Faulkner was the basis upon which the award rested. That was the issue in dispute. So I guess no one can quibble that you correct Fish and Richardson was not the judge's defense attorney. But certainly their eggs were all in the same basket. And so I'm having the same difficulty I think Judge O'Malley may be having in terms of the disclosure requirement. Your Honor, I think a couple of things are worth noting here. First is that Tom Melsheimer, who did in fact argue that case on appeal, was not at the time of the mediation involved in this case at all. He was brought into the case six months later. So there is no sort of connection between the individual. There was a mediation during the trial, was there not? There was, and he was not involved in that mediation either, Your Honor. But he was counsel of record at the time. He was counsel of record at the time. That's correct. He didn't show up. He did not appear in the mediation. In any event, the allegations that the plaintiffs make are related as far as I can tell to the first mediation since they involve the supposed disclosure of confidential information. But if we're in 60 v. 6 grounds, then we're beyond necessarily, we're on the risk of injustice. Well, fair enough, Your Honor, although I guess let me, that raises a second point with respect to 60 v. 6. Lilleberg makes clear that 60 v. 6 allegations must be based on facts that are not the same as the basis for the 60 v. 3 allegations. Now, the plaintiffs repeatedly try to merge these things together, but Lilleberg is quite clear that the basis for 60 v. 6 must be something different than the basis for 60 v. 3. Right, and their argument on 60 v. 3 is that the law firm should have disclosed. Their argument under 60 v. 6 is that Judge Faulkner should have disclosed. So that's correct. So the argument, I think, cannot be under 60 v. 6, as I understand it, that Fish and Richardson did anything wrong. That argument has to stand or fall under 60 v. 3. I think he agrees with that. Okay. Okay. Right, so the question is, did Judge Faulkner do something wrong in May of 2011, June of 2011, because he should have anticipated that six months later Tom Melsheimer would argue on appeal in defense of Fish's client and that Judge Faulkner's reputation stood to benefit. He knew for sure that Fish would be arguing that. There had already been a remand from the state court. He had been deposed right about that same period of time. So, I mean, what do you mean he couldn't anticipate that? That Mr. Melsheimer, who was not in this case, would argue that case and then would later appear in this case. But he knew the law firm would be arguing the case. So that's correct, Your Honor, and that, I think, brings us back to the question of whether or not there is any reason on this record to impute a requirement to the law firm. But I guess I want to suggest again that that is, even if one were to try to do that, that would have to happen under 60b-3, not under 60b-6. I don't understand that. You can impute the conflict or the need to disclose, and that doesn't mean you're imputing wrongdoing with Fish. You're imputing the need to disclose to the court. Understood, Your Honor. I do think it is worth emphasizing that the plaintiffs never argue for imputation to the entire Fish Law Firm simply on the basis of the Brett Johnson relationship. What they argue and what they stood up here to argue was that there was possible disclosure of confidential information. There is no evidence whatsoever to support that allegation, much less the clear and convincing evidence that the Fifth Circuit requires. And I suggest, in any event — I'm sorry. Go ahead and finish your thought. I apologize. I'm going to say, in any event, Your Honor, even if this court were to conclude that Judge Faulkner violated some ethical obligation, there is no harm, there can be no harm in this case. Well, that's what I was going to ask you about, in terms of even assume for a second that we were to conclude that there was a requirement of disclosure on Fish on Faulkner for 60b-6 purposes. I assume that you don't think that is the case, and so I wanted you to explain to us. That's correct, Your Honor, for two reasons. The first is that the result in this case below would have been precisely the same had the disclosure occurred. Well, your learned colleague seems to be arguing that there's some risk of injustice that inerts to the entire system that's not necessarily just about whether or not this case would have come out differently. Do you agree with that? And if so, what is the result? Your Honor, I disagree that there is any risk to the justice system. I disagree that Judge Faulkner violated any disclosure obligation. But even were this court to conclude otherwise, I don't think there is a risk to the justice system that comes from a conclusion that a failure to disclose a relationship with an individual at a firm, because it would have been imputed to the entire law firm, might have colored the view of the mediation, because the mediation itself has nothing to do with the ultimate outcome of this case. Here's my problem with the risk to the justice system. It's having both mediated cases on behalf for other judges and wanting to rely on mediators myself. It's really, really important that the parties actively and aggressively participate in that mediation and are honest and open. And in some ways, it's more personal because we judges are back here behind the bench. We're ruling an open court. The mediator is having one-on-one conversations with these parties. And mediation can't continue to be successful if you can't trust the mediators. And so if a mediator doesn't disclose all of these personal relations, maybe they would have still decided to go with this mediator. But not disclosing those personal relationships changes the whole dynamic, and it puts the use of mediation at risk for those district judges that would like to try to strong-arm parties to participate in it. I understand that, Your Honor, although in this case, I don't see how it could possibly have affected the outcome. What seats told the district court in the 60B motion below is that they would not have agreed to mediate had they known the true state of affairs. Let's assume that that's true, and that's in the record at A952. The outcome of the case would have been precisely the same. That's a better argument than the one you make in your brief was, well, it's just a mediator. It's not really like a judge or an arbitrator. If you're just a mediator, it seems to be pretty dismissive of the importance of mediation in the process. It's not my intention to dismiss the importance of mediation, Your Honor. But I think the key to understand is that the outcome could not have been the same, could not have been changed. They got precisely what the justice system should offer them, which is a full and fair opportunity to litigate. They got a jury trial and five J. Mull motions and an appeal to this court. The outcome would have changed. It's never the standard. It's not even the standard under 60B-3. But are you arguing a broader concept then that there would be no perception that this was relevant or germane to the result, and therefore there's no risk of injustice? The question is whether they would have a – whether they lost the opportunity to fully and fairly present their case, Your Honor. And what I'm suggesting is they had exactly that opportunity. They got to go to trial. They got to have all of the evidence. That's 60B-3. That's correct, Your Honor. That 60B-6 must be something different more or less, but something different than that standard of fully – opportunity to fully and fairly litigate. 60B-6, Your Honor, in the Fifth Circuit requires evidence that the initial judgment was manifestly unjust. And what I suggest is that if anything, that's a higher standard of proof than 60B-3. They have to show that the initial judgment was wrong. And, in fact, the initial judgment was exactly correct. It was confirmed by this court. And that leads me to a final point, which is even if I was wrong about all of this, even if the mediator behaved badly, and even if we thought that that might have affected their ability to fully and fairly present the case, they had ample opportunity at multiple occasions to raise this issue before the district court, to ask the district court to hold pending the issue, to ask this court to hold pending the issue, to seek review in the Supreme Court. They did none of those things. They made a deliberate tactical decision to split this argument off from the appeal on invalidity. And having lost that appeal on invalidity, having not asked for a stay, and having not asked the Supreme Court for review, this patent is invalid. And it is invalid not only with respect to my clients. It's invalid in a proceeding with respect to other companies, such as Airtran, who were not in any relationship, were not represented by Fish & Richardson at any time. And I think the result under Blundertong is that— But the Supreme Court in Zillberg, and even the Texas State Court here, has specifically said that 60 v. 6, to set aside a judgment, is an appropriate vehicle. Yes, Your Honor, and I think that's right. So if, in fact, we were to lose on each of these steps along the way, and we were to set aside the judgment as to the Fish-represented defendants, what I'm suggesting is that there is no reason to set aside the judgment as to the Airtran defendants. There's no evidence that they, who were never represented by Fish & Richardson, could have been affected by this. Well, wasn't this jointly defended? They were independent— Did everybody participate in the mediation? Yes, everyone participated in the mediation, but of course they are, as they were required to do, participated separately. Individual companies who are competitors cannot pool mediation defense, so Airtran was represented by separate counsel in the mediation, in the trial, and indeed in this court on appeal. And Airtran is not even here, precisely because they have never been involved with Fish & Richardson. If it's the mediator who was supposed to disclose, not Fish, then wouldn't the mediator's failure to follow his ethical obligations wipe out the judgment as to everybody? I don't see how it could wipe out the judgment as to Airtran, because I'm not sure how Airtran could have done anything differently, even granting everything plaintiffs argue. But again, we're under 60 v. 6, we're not under 60 v. 3. That's correct, Your Honor, and so the question would be as to Airtran, was the initial judgment manifestly unjust? And I think from that perspective, if anything, for this court to suggest that we can throw out judgments because a different party had a relationship that was undisclosed with the mediator would be manifestly unfair to Airtran. It's your mootness argument, because you make a mootness argument. It seems to me, appreciating that argument now, that mootness is kind of the wrong term to describe that result. Yes, it is the argument, Your Honor. That's right. That if the patent is invalid as to Airtran and there is no reason to overturn that judgment, under blundertongue, the patent can't come back. I can understand if this court wanted to remedy what it perceived to be an injustice. Had the plaintiffs asked for the costs of conducting the mediation or even for a declaration that what went on was improper in order to protect the integrity of the judicial system, that might perhaps be an appropriate remedy. But it is not what they're asking for. What they want is another shot at a patent that has been proven invalid when they made a deliberate strategic effort, a strategic decision, not to raise this argument while the invalidity proceedings were going on. Thank you, Mr. Hanley. Thank you, Your Honor. Mr. Dickey, you have a little over a minute and a half. Let me quickly respond to the last argument counsel made. That argument was not made to the district court. It wasn't part of the court's opinion. And it was raised for the first time in this appeal. I think it is not timely and it was waived in any event. The rule says we have to file within a reasonable time. That's the only condition. And with respect to 60B1, 2, and 3, it has to be filed, the motion under Rule 60B must be filed within one year. There is no such time limit other than reasonable. And I would submit that we were timely in our filing. Second, how many times could we anticipate, and this is in the context of the problem with the case and the public perception, if this opinion below is not reversed and the standards articulated there are not reversed, how many times will parties be assigned Judge Faulkner and have Fish and Rich on the other side and armed with this decision there would be no disclosure. I would submit to this court that that presents a serious problem for the judicial process, which needs to appear impartial and to the extent others are not allowed to have this disclosure, which is clearly mandated by the context of the rule and the facts as they exist, that that places the judicial process at risk with respect to the public perception. Thank you very much. Thank you, Mr. Dickey.